1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARAVAN CANOPY INT'L, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERNATIONAL E-Z UP, INC., a California corporation,<br><br>　　　　Defendant. | Case No. 5:23-cv-00319-JAK-MRWx<br><br>Case No. 8:23-cv-00345-JAK-MRWx<br><br>**STIPULATED PROTECTIVE ORDER** |
| AND RELATED COUNTERCLAIM. | |
| CARAVAN CANOPY INT'L, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IMPACT IMAGES, INC., a California corporation,<br><br>　　　　Defendant. | |

STIPULATED PROTECTIVE ORDER

1. **INTRODUCTION**

    1.1    PURPOSES AND LIMITATIONS

Discovery in either Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2    GOOD CAUSE STATEMENT

Plaintiff and Counterclaim-Defendant Caravan Canopies Int'l, Inc. ("Caravan") and Defendant and Counterclaimant International E-Z Up, Inc. ("E-Z Up") in one case, and Plaintiff and Counterclaim-Defendant Caravan and Defendant and Counterclaimant Impact Images, Inc. ("Impact")are direct competitors. Each of these parties sell collapsible canopies and accessories to the public. Caravan filed these lawsuits alleging that certain of E-Z Up's and Impact's canopies infringe a patent owned by Caravan.

During the discovery process, the parties expect to exchange, *inter alia*, documents reflecting internal information regarding product design and development, financials and marketing materials, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), all information generally unavailable to both the public and the other party, the disclosure of which beyond the needs in this lawsuit could cause considerable harm to the party producing the information as it could provide

2

1    the receiving party with a competitive advantage if it were able to view some of the

2    disclosed materials.  Because the parties are direct competitors and there is a risk that

3    disclosure could cause competitive harm, a two-tiered, attorney-eyes-only protective

4    order that designates certain material as "Highly Confidential" is required under the

5    circumstances of this case.

6          Accordingly, to expedite the flow of information, to facilitate the prompt resolution

7    of disputes over confidentiality of discovery materials, to adequately protect information

8    the parties are entitled to keep confidential, to ensure that the parties are permitted

9    reasonable necessary uses of such material in preparation for and in the conduct of trial,

10   to address their handling at the end of the litigation, and serve the ends of justice, a

11   protective order for such information is justified in this matter.  It is the intent of the

12   parties that information will not be designated as confidential for tactical reasons and that

13   nothing be so designated without a good faith belief that it has been maintained in a

14   confidential, non-public manner, and there is good cause why it should not be part of the

15   public record of this case.

16   **2.     DEFINITIONS**

17         2.1    Actions:  *Caravan Canopy Int'l, Inc. vs. International E-Z Up, Inc.*, United

18   States District Court Case No. 5:23-cv-00319-JAK-MRWx and *Caravan Canopy Int'l,*

19   *Inc. vs. Impact Images, Inc.*, United States District Court Case No. 8:23-cv-00345-JAK-

20   MRW.

21         2.2    Challenging Party:  a Party or Non-Party that challenges the designation of

22   information or items under this Order.

23         2.3    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

24   EYES ONLY" Information or Items:  information (regardless of how it is generated,

25   stored or maintained) or tangible things that qualify for protection under Federal Rule of

26   Civil Procedure 26(c), and as specified above in the Good Cause Statement. "HIGHLY

27   CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is extremely sensitive

28

information, the disclosure of which to a competitor or other Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in either Action.

2.8    House Counsel:  attorneys who are employees of a party to either Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to either Action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to either Action but are retained to represent or advise a party to either Action and have appeared in either Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   Party:  any party to either Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in either Action.

STIPULATED PROTECTIVE ORDER

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16   Related Action:

Each of the *Caravan Canopy Int'l, Inc. vs. International E-Z Up, Inc.*, United States District Court Case No. 5:23-cv-00319-JAK-MRWx  and *Caravan Canopy Int'l, Inc. vs. Impact Images, Inc.*, United States District Court Case No. 8:23-cv-00345-JAK-MRW actions is considered the "Related Actions" to the other.  *See, e.g.*, *Caravan Canopy Int'l, Inc. vs. Impact Images, Inc.*, United States District Court Case No. 8:23-cv-00345-JAK-MRW at Dkt. 16.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  With regard to each Action, final disposition

5

1    will be deemed to be the later of (1) dismissal of all claims and defenses in that Action,

2    with or without prejudice; and (2) final judgment herein after the completion and

3    exhaustion of all appeals, rehearings, remands, trials, or reviews of that Action, including

4    the time limits for filing any motions or applications for extension of time pursuant to

5    applicable law.

6    **5.     DESIGNATING PROTECTED MATERIAL**

7    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each

8    Party or Non-Party that designates information or items for protection under this Order

9    must take care to limit any such designation to specific material that qualifies under the

10   appropriate standards.  The Designating Party must designate for protection only those

11   parts of material, documents, items, or oral or written communications that qualify so that

12   other portions of the material, documents, items, or communications for which protection

13   is not warranted are not swept unjustifiably within the ambit of this Order.

14   Mass, indiscriminate, or routinized designations are prohibited.  Designations that

15   are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

16   to unnecessarily encumber the case development process or to impose unnecessary

17   expenses and burdens on other parties) may expose the Designating Party to sanctions.

18   If it comes to a Designating Party's attention that information or items that it

19   designated for protection do not qualify for protection, that Designating Party must

20   promptly notify all other Parties that it is withdrawing the inapplicable designation.

21   5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

22   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

23   ordered, Disclosure or Discovery Material that qualifies for protection under this Order

24   must be clearly so designated before the material is disclosed or produced.

25   Designation in conformity with this Order requires:

26   (a)  for information in documentary form (e.g., paper or electronic documents, but

27   excluding transcripts of depositions or other pretrial or trial proceedings), that the

28   Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY

1    CONFIDENTIAL - ATTORNEYS' EYES ONLY" (hereinafter collectively referred to

2    as "CONFIDENTIAL legend"), to each page that contains protected material.  If only a

3    portion or portions of the material on a page qualifies for protection, the Producing Party

4    also must clearly identify the protected portion(s) (e.g., by making appropriate markings

5    in the margins).

6              A Party or Non-Party that makes original documents available for inspection

7    need not designate them for protection until after the inspecting Party has indicated which

8    documents it would like copied and produced. During the inspection and before the

9    designation, all of the material made available for inspection will be deemed

10   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

11   After the inspecting Party has identified the documents it wants copied and produced, the

12   Producing Party must determine which documents, or portions thereof, qualify for

13   protection under this Order. Then, before producing the specified documents, the

14   Producing Party must affix the "CONFIDENTIAL legend" to each page that contains

15   Protected Material.  If only a portion or portions of the material on a page qualifies for

16   protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

17   by making appropriate markings in the margins).

18       (b)  for testimony given in depositions that the Designating Party identify the

19   Disclosure or Discovery Material on the record, before the close of the deposition all

20   protected testimony.

21       (c)  for information produced in some form other than documentary and for any

22   other tangible items, that the Producing Party affix in a prominent place on the exterior of

23   the container or containers in which the information is stored the legend

24   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

25   If only a portion or portions of the information warrants protection, the Producing Party,

26   to the extent practicable, will identify the protected portion(s).

27       5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure

28   to designate qualified information or items does not, standing alone, waive the

STIPULATED PROTECTIVE ORDER

Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2      Meet and Confer.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 *et seq*.

6.3      Joint Stipulation.   Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4      The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with the  Action in which it was disclosed or produced only for prosecuting, defending, or attempting to settle  that particular Action.  Protected Material may not be used in connection with the Related Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When any Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

STIPULATED PROTECTIVE ORDER

1    Protected Material must be stored and maintained by a Receiving Party at a

2    location and in a secure manner that ensures that access is limited to the persons

3    authorized under this Order.

4         7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

5    ordered by the court or permitted in writing by the Designating Party, a Receiving Party

6    may disclose any information or item designated "CONFIDENTIAL" only to:

7         (a)  the Receiving Party's Outside Counsel of Record in the Action in which it was

8    disclosed, as well as employees of said Outside Counsel of Record to whom it is

9    reasonably necessary to disclose the information for that Action;

10        (b)  the officers, directors, and employees (including House Counsel) of the

11   Receiving Party to whom disclosure is reasonably necessary for that Action;

12        (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

13   reasonably necessary for either Action and who have signed the "Acknowledgment and

14   Agreement to Be Bound" (Exhibit A);

15        (d)  the Court and its personnel;

16        (e)  court reporters and their staff;

17        (f)  professional jury or trial consultants, mock jurors, and Professional Vendors to

18   whom disclosure is reasonably necessary for either Action and who have signed the

19   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20        (g)  the author or recipient of a document containing the information or a custodian

21   or other person who otherwise possessed or knew the information;

22        (h)  during their depositions, witnesses, and attorneys for witnesses, in the Action

23   to whom disclosure is reasonably necessary provided: (1) the deposing party requests that

24   the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted

25   to keep any confidential information unless they sign the "Acknowledgment and

26   Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party

27   or ordered by the court.  Pages of transcribed deposition testimony or exhibits to

28   depositions that reveal Protected Material may be separately bound by the court reporter

STIPULATED PROTECTIVE ORDER

1  and may not be disclosed to anyone except as permitted under this Stipulated Protective

2  Order; and

3       (i)  any mediator or settlement officer, and their supporting personnel, mutually

4  agreed upon by any of the parties engaged in settlement discussions.

5       7.3   Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

6  Information or Items. Unless otherwise ordered by the court or permitted in writing by

7  the Designating Party, a Receiving Party may disclose any information or item

8  designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

9       (a)   the Receiving Party's Outside Counsel of Record in either Action; as well as

10  employees of said Outside Counsel of Record to whom it is reasonably necessary to

11  disclose the information for either Action;

12       (b)   Experts (as defined in this Order) of the Receiving Party to whom disclosure

13  is reasonably necessary for that Action and who have signed the "Acknowledgment and

14  Agreement to Be Bound" (Exhibit A);

15       (c)   the Court and its personnel;

16       (d)   court reporters and their staff;

17       (e)   professional jury or trial consultants, mock jurors, and Professional Vendors

18  to whom disclosure is reasonably necessary for either Action and who have signed the

19  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20       (f)   the author or recipient of a document containing the information or a

21  custodian or other person who otherwise possessed or knew the information.

22       7.4   Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL"

23  or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to

24  Experts.

25       (a)   Unless otherwise ordered by the court or agreed to in writing by the

26  Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order)

27  any information or item that has been designated "CONFIDENTIAL" pursuant to Section

28  7.2 or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to Section

STIPULATED PROTECTIVE ORDER

7.3 first must make a written request to the Designating Party that (1) identifies the general categories of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of their primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in their areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within seven days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

1  discussions) and setting forth the reasons advanced by the Designating Party for its

2  refusal to approve the disclosure.

3        (d)    In any such proceeding, the Party opposing disclosure to the Expert shall

4  bear the burden of proving that the risk of harm that the disclosure would entail (under

5  the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

6  Material to its Expert.

7  **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

8  **OTHER LITIGATION**

9        If a Party is served with a subpoena or a court order issued in other litigation that

10  compels disclosure of any information or items designated in either Action as

11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY,"

12  that Party must:

13        (a)  promptly notify in writing the Designating Party. Such notification will include

14  a copy of the subpoena or court order;

15        (b)  promptly notify in writing the party who caused the subpoena or order to issue

16  in the other litigation that some or all of the material covered by the subpoena or order is

17  subject to this Protective Order.  Such notification will include a copy of this Stipulated

18  Protective Order; and

19        (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

20  Designating Party whose Protected Material may be affected.

21        If the Designating Party timely seeks a protective order, the Party served with the

22  subpoena or court order will not produce any information designated in either Action as

23  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

24  before a determination by the court from which the subpoena or order issued, unless the

25  Party has obtained the Designating Party's permission.  The Designating Party will bear

26  the burden and expense of seeking protection in that court of its confidential material and

27  nothing in these provisions should be construed as authorizing or encouraging a

28  Receiving Party in either Action to disobey a lawful directive from another court.

12

1

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

**PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in either Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in either Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.   Absent a court order to the

13

1    contrary, the Non-Party will bear the burden and expense of seeking protection in this

2    court of its Protected Material.

3    **10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

5    Protected Material to any person or in any circumstance not authorized under this

6    Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

7    the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

8    all unauthorized copies of the Protected Material, (c) inform the person or persons to

9    whom unauthorized disclosures were made of all the terms of this Order, and (d) request

10   such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

11   that is attached hereto as Exhibit A.

12   **11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

13   **PROTECTED MATERIAL**

14          When a Producing Party gives notice to Receiving Parties that certain inadvertently

15   produced material is subject to a claim of privilege or other protection, the obligations of

16   the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

17   This provision is not intended to modify whatever procedure may be established in an e-

18   discovery order that provides for production without prior privilege review.  Pursuant to

19   Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the

20   effect of disclosure of a communication or information covered by the attorney-client

21   privilege or work product protection, the parties may incorporate their agreement in the

22   stipulated protective order submitted to the court.

23   **12.     MISCELLANEOUS**

24          12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

25   person to seek its modification by the Court in the future.

26          12.2   Right to Assert Other Objections.  By stipulating to the entry of this

27   Protective Order no Party waives any right it otherwise would have to object to disclosing

28   or producing any information or item on any ground not addressed in this Stipulated

14

1     Protective Order. Similarly, no Party waives any right to object on any ground to use in

2     evidence of any of the material covered by this Protective Order.

3         12.3 <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected

4     Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

5     under seal pursuant to a court order authorizing the sealing of the specific Protected

6     Material at issue. If a Party's request to file Protected Material under seal is denied by the

7     court, then the Receiving Party may file the information in the public record, unless

8     otherwise instructed by the court.

9    **13.    <u>FINAL DISPOSITION</u>**

10         After the final disposition of each Action, as defined in paragraph 4, within 60

11    days of a written request by the Designating Party, each Receiving Party must return all

12    Protected Material to the Producing Party or destroy such material. As used in this

13    subdivision, "all Protected Material" includes all copies, abstracts, compilations,

14    summaries, and any other format reproducing or capturing any of the Protected Material.

15    Whether the Protected Material is returned or destroyed, the Receiving Party must submit

16    a written certification to the Producing Party (and, if not the same person or entity, to the

17    Designating Party) by the 60 day deadline that (1) identifies (by category, where

18    appropriate) all the Protected Material that was returned or destroyed and (2) affirms that

19    the Receiving Party has not retained any copies, abstracts, compilations, summaries or

20    any other format reproducing or capturing any of the Protected Material. Notwithstanding

21    this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

22    papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

23    deposition and trial exhibits, expert reports, attorney work product, and consultant and

24    expert work product, even if such materials contain Protected Material. Any such

25    archival copies that contain or constitute Protected Material remain subject to this

26    Protective Order as set forth in Section 4 (DURATION).

27

28

STIPULATED PROTECTIVE ORDER

14.     Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

Dated:  March 1, 2024                     **SML AVVOCATI P.C.**

By:   /s/ Stephen M. Lobbin
                        Attorneys for Plaintiff

Dated:  March 1, 2024                     **Seyfarth Shaw LLP**

By:   /s/ Kenneth L. Wilton
                        Attorneys for Defendant E-Z

Dated:  March 1, 2024                     **Stradling Yocca Carlson & Rauth PC**

By:   /s/ Douglas Q. Hahn
                        Attorneys for Defendant Impact

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  March 4, 2024                     /s/ Judge Wilner
                        HON. MICHAEL R. WILNER
                        United States Magistrate Judge

16

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of [*Caravan Canopy Int'l, Inc. vs. International E-Z Up, Inc.*, Case No. 5:23-cv-00319-JAK-MRWx] [*Caravan Canopy Int'l, Inc. vs. Impact Images, Inc.*, United States District Court Case No. 8:23-cv-00345-JAK-MRW]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER